UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARRY DWAYNE MINNFEE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ASSOCIATE ATTORNEY GENERAL, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. C07-399-JCC-JPD <br><br> REPORT AND RECOMMENDATION |

## I.  INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Barry Dwayne Minnfee, appearing *pro se*, has filed a proposed a 42 U.S.C. § 1983 complaint, his second in as many months in this district.  Dkt. No. 1; *see also Minnfee v. Jones*, C07-200-JLR (W.D. Wash. 2007).  This complaint, like the first, is difficult to discern. Plaintiff's claims appear to arise out of prior rulings by federal courts in New Orleans, Louisiana and Amarillo, Texas (and/or actions by federal deputy clerks in those states), and allude to "malicious prosecution," fraud, and the violation of plaintiff's Fourteenth Amendment rights.  Plaintiff's suit names as defendants the "Associate Attorney General" of the United States, Governor Rick Perry of Texas, and the State of Texas.  It also makes reference to, but does not formally name, several federal district and appellate judges in Texas.  For the reasons that follow, the Court recommends that plaintiff's complaint be DISMISSED without prejudice to its filing in an appropriate venue.

## II.   DISCUSSION

When subject matter jurisdiction is not predicated solely on diversity of citizenship, venue in a § 1983 civil rights case is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

When a case is filed in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

While plaintiff's claims are not entirely clear, it is clear that none of the events giving rise to those claims occurred in the Western District of Washington. Nor does the plaintiff, or any of the named defendants, reside in the Western District of Washington. Plaintiff is currently in custody in the William P. Clements Unit of the Texas State Penitentiary in Amarillo, Texas, and the named defendants reside in Austin, Texas and Washington, D.C. Dkt. No. 1 at 2. Accordingly, venue is not appropriate in this district. 28 U.S.C. § 1391(b).

Furthermore, it would not be "in the interests of justice" to transfer this action to a different venue because plaintiff has not adequately alleged in his complaint any viable cause of action under § 1983, because it is not entirely clear which district would be the proper district to receive a transfer, and because transferring the action might allow plaintiff to circumvent filing requirements imposed upon him by other federal district courts. Here, plaintiff fails to allege facts sufficient to place defendants on notice of the nature of his claims or to otherwise provide any basis for jurisdiction in this Court. *See* Fed. R. Civ. P. 8(a). The complaint also appears to name as defendants governmental actors who enjoy immunity from suit. *See, e.g.*, *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Because this action appears

frivolous and fails to state a claim upon which relief can be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6).

The Court advises plaintiff of his responsibility to research the facts and law before filing an action to determine whether the action is frivolous. If he files a frivolous action, he may be sanctioned. *See* Fed. R. Civ. P. 11. The court would likely impose a sanction of dismissal on any frivolous action. If plaintiff files numerous frivolous or malicious actions, the court may bar him from proceeding IFP in this court. *See DeLong v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (discussing bar order requirements).

### III. CONCLUSION

Venue is not proper in this district. Due to the aforementioned deficiencies in plaintiff's complaint, this action DISMISSED without prejudice to its filing in an appropriate venue. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1391(b). A proposed order accompanies this Report and Recommendation.

DATED this 21st day of March, 2007.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge